**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **WRIT OF ERROR CORAM NOBIS** |
| vs. | ) | |
| | ) | Case No. 4:05-cr-024 |
| Stephen Marc O'Berry, | ) | |
| | ) | |
| Defendant. | ) | |

___

Before the Court is defendant Stephen O'Berry's motion for writ of error coram nobis filed on April 18, 2012. See Docket No. 126. The Government filed a brief in opposition to the motion on April 26, 2012. See Docket No. 127. O'Berry filed a reply brief on May 14, 2012. See Docket No. 128. The Court denies O'Berry's motion for the reasons set forth below.

### I.    BACKGROUND

In 2006, a jury convicted Stephen O'Berry of receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2). See Docket Nos. 1 and 49. On November 10, 2006, O'Berry was sentenced to a prison term of 63- months on the possession count and 63-months on the receipt count, to run concurrently. See Docket No. 72. The Court ordered O'Berry to pay a $200 special assessment, $100 for each count. O'Berry moved unsuccessfully for a judgment of acquittal. See Docket Nos. 62 and 65. He then appealed to the Eighth Circuit Court of Appeals asserting the evidence was insufficient to support the jury's verdict. The Eighth Circuit affirmed the judgment in an unpublished opinion. See Docket No. 103. It is undisputed that O'Berry failed to raise a double jeopardy defense to the charges at trial or on appeal.

O'Berry completed the prison term and began to serve time on supervised release. While on supervised release, a probation officer discovered images depicting child pornography on his mobile telephone. On February 23, 2011, the Court revoked O'Berry's supervised release, and he was sentenced to an additional 3-months in prison and 36-months supervised release, extending his 2006 original sentence. See Docket No. 123.

Based on the same images, O'Berry was separately charged with receipt of child pornography. See Case No. 1:11-cr-041, Docket No. 1. He pled guilty to the charge. On August 22, 2011, the Court sentenced O'Berry to 180-months in prison to run concurrent with the 3-month revocation sentence, and 180-months supervised release to run concurrent with the revocation sentence. See Case No. 1:11-cr-041, Docket No. 26. O'Berry is currently an inmate in Federal Correctional Institution (FCI) Sandstone in Minnesota.

On February 17, 2011, the Eighth Circuit, as a matter of first impression, held that possession of child pornography was a lesser included offense of receipt of child pornography under 18 U.S.C. § 2252. United States v. Muhlenbruch, 634 F.3d 987 (8th Cir. 2011). The Eighth Circuit held that the Fifth Amendment of the United States Constitution's Double Jeopardy clause prohibits a conviction of possession and receipt of the same images depicting child pornography.

On April 18, 2012, O'Berry filed an "Application for Writ of Error Coram Nobis Filed Pursuant to Title 28 U.S.C. § 1651(a)." See Docket No. 126. O'Berry contends he is entitled to relief based on Muhlenbruch because the Government relied on the same images to support his convictions for possession and receipt of child pornography back in 2006. See Docket No. 126. He specifically requests "that this Honorable Court grants his Application for Writ of Error Coram Nobis, vacate his conviction on the lesser count of Possession of Child Pornography, refund his excess $100 special assessment fee, and grant whatever other relief the Court deems appropriate."

O'Berry also filed a motion for discovery, seeking to obtain material concerning his convictions. See Docket No. 129.

## II.　STANDARD OF REVIEW

A writ of error coram nobis provides relief from the most fundamental errors in criminal proceedings in circumstances where the defendant has completely served an invalid sentence. United States v. Morgan, 346 U.S. 502 (1954). The "extraordinary remedy [is to be used] only under circumstances compelling such action to achieve justice." Morgan, 346 U.S. at 511. The writ provides a remedy after a person has served their criminal sentence because "[a]lthough the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, [and] civil rights may be affected." Id. at 512-13. A balance exist between the strong policy favoring finality in criminal matters, and a recognition that there must be a vehicle to correct errors "of the most fundamental character[.]" Id. at 509 n.15. Accordingly, "[i]t is presumed the proceedings were correct and the burden rests on the accused to show otherwise." Id. at 512.

## III.　LEGAL DISCUSSION

Before addressing the merits of O'Berry's petition, the Court must determine whether he is procedurally barred from seeking a writ of error coram nobis because he is a federal inmate.

> The All Writs Act [of which the writ of error coram nobis is granted] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling.

Penn. Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985); see 28 U.S.C. § 1651 (setting forth the All Writs Act). Federal inmates may challenge their federal conviction or

sentence pursuant to 28 U.S.C. § 2255. In general, federal inmates are barred from seeking coram nobis because statutory relief is available pursuant to Section 2255. See United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (explaining inmates usually may not seek coram nobis relief). Section 2255 relief is available where the petitioner is "in custody" under the conviction or sentence he is attacking. Maleng v. Cook, 490 U.S. 488, 490 (1989). Therefore, if O'Berry remains "in custody" under his 2006 conviction, he must look for relief pursuant to 28 U.S.C. § 2255, not the residual remedy of coram nobis.

The record reveals that O'Berry is only attacking his 2006 conviction in this proceeding. Although he is currently in federal custody, he is not serving prison time for the 2006 conviction. At the time O'Berry filed this motion in April 2012, he had been in prison since February 2011, or approximately 14-months. At the time of filing, O'Berry had finished the 3-month revocation prison term under the 2006 conviction, and had begun to serve the 180-month sentence on the 2011 conviction. However, it is clear that O'Berry has not completely served his 2006 sentence. He faces 36 months of supervised release on the 2006 conviction which will commence after he serves the remaining prison term on his 2011 conviction. Thus, at issue is whether O'Berry is considered to be "in custody" for purposes of 28 U.S.C. § 2255 to challenge his future term of supervised release.

A federal prisoner, such as O'Berry, may challenge a future unserved sentence pursuant to 28 U.S.C. § 2255. Maleng, 490 U.S. at 490. In Maleng, a federal prisoner filed a petition for habeas corpus to challenge a future state sentence, which was to run consecutive to the federal sentence. Id. at 489-90. At the time he filed the motion, 20 years remained on his federal sentence, and the state sentence would begin thereafter. The United States Supreme Court concluded the federal prisoner was "in custody" for the purpose of challenging the unserved consecutive state sentence. Id. at 493-94; see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973) (holding

Alabama inmate was "in custody" to challenge future unserved Kentucky sentence). The fact that O'Berry faces supervised release instead of physical confinement in prison is inconsequential. "In custody" does not require physical confinement. Courts have consistently held that a person on parole or supervised release is "in custody" for habeas corpus purposes. See Jones v. Cunningham, 371 U.S. 236, 242-44 (1963) (parolee "in custody"); Matus-Leva v. United States, 287 F.3d 758 (9th Cir. 2002) (person on supervised release "in custody"); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); United States v. Essig, 10 F.3d 968, 970 n.3. (3d Cir. 1993). Because supervised release is considered sufficient to satisfy the "in custody" requirement of 28 U.S.C. § 2255, O'Berry may challenge his future term of supervised release remaining on the 2006 conviction. Therefore, the Court finds that O'Berry is procedurally barred from seeking a writ of error coram nobis, and he must look to 28 U.S.C. § 2255 for relief.

In addition, a motion pursuant to 28 U.S.C. § 2255 would be barred as untimely. A one-year statute of limitation applies to motions under Section 2255, set forth as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the united States is removed, if the movant was prevented from making such a governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The only dates that arguably begin the one-year limit are found in subsection (1) the date the judgment became final, and subsection (4), the date which facts could have been

discovered through diligence. O'Berry's 2006 conviction has been final for longer than one year. In addition, O'Berry failed to file his claim within a year of the alleged new facts supporting his relief, namely, the Eighth Circuit's decision in Muhlenbruch. Assuming for the sake of argument that the Eighth Circuit's decision in Muhlenbruch presents new facts to support O'Berry's claim, that decision was filed on February 17, 2011, and a rehearing was denied on March 25, 2011, more than one year prior to O'Berry's petition filed on April 18, 2012. Accordingly, O'Berry is barred from obtaining relief by the one-year limitation in 28 U.S.C. § 2255.

In conclusion, O'Berry is procedurally barred from obtaining the relief he requests. O'Berry is "in custody" under his 2006 conviction for purposes of 28 U.S.C. § 2255, but barred by the one-year limitation. Section 2255 is "controlling" even when relief is unavailable under the statute. It is clear that a "writ of coram nobis may not be used to circumvent the clear congressional directive embodied" in 28 U.S.C. § 2255. United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000); see Matus-Leva, 287 F.3d at 761 ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the [Antiterrorism and Effective Death Penalty Act's one-year] gatekeeping requirements [of 28 U.S.C. § 2255].") (emphasis in original). Therefore, the Court denies O'Berry's petition for writ of error coram nobis.

## IV. CONCLUSION

The Court has carefully reviewed the parties' briefs and relevant case law. The Court **DENIES** O'Berry's application for a writ of error coram nobis (Docket No. 126) because he is currently "in custody" for purposes of 28 U.S.C. § 2255. In addition, the Court **DENIES AS MOOT** O'Berry's motion for discovery (Docket No. 129).

**IT IS SO ORDERED.**

Dated this 9th day of July, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court