# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING** |
| Plaintiff, ) | **DEFENDANT'S MOTION FOR** |
| ) | **RECONSIDERATION** |
| vs. ) | |
| ) | Case No. 4:05-cr-024-1 |
| Stephen Marc O'Berry, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the defendant Stephen Marc O'Berry's motion for reconsideration. See Docket No. 132. For the reasons explained below, the motion is denied.

## I. BACKGROUND

On April 18, 2012, O'Berry filed an "Application for Writ of Error Coram Nobis Filed Pursuant to Title 28 U.S.C. §1651 (a)." See Docket No. 126. The Court issued an order denying the application on July 9, 2012. The Court found O'Berry's application for a writ of error coram nobis was procedurally barred because he is still "in custody" for habeas corpus purposes, as he has not finished his term of supervised release for his 2006 conviction. The Court also explained that a petition to vacate the judgment under 28 U.S.C. § 2255 would be untimely because the petition for rehearing in United States v. Muhlenbruch, 634 F.3d 987 (8th Cir. 2011) was denied over one year ago.

## II. LEGAL DISCUSSION

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Therefore, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" Id.; see also Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess . . . ."). The Eighth Circuit Court of Appeals has instructed that when such a motion is directed at a final judgment, as is the case here, it should be construed as a Rule 59(e) motion. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000).

Rule 59(e) allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)).

The Court has carefully reviewed the pending motion and finds that there is no justification for granting a Rule 59(e) motion to alter or amend the judgment. The motion for reconsideration (Docket No. 132) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court